UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  )
EJAZUL HAQUE and SAYADA  )
        HAQUE,  )    Chapter 13
  )    Case # 05-40089-JBR
      Debtors  )

## MEMORANDUM OF DECISION

This matter is before the Court on Judicial Lien Creditor Ryan Moore's (the "Judicial Lien Creditor") Objection to Confirmation of Debtors Ejazul and Sayada Haque's (the "Debtors") Chapter 13 Plan [Docket # 13], the Debtors' Motion to Avoid Judicial Lien [Docket # 35] and Judicial Lien Creditor Ryan Moore's Objection thereto [Docket # 38]. The Court took the matter under advisement and invited the parties to submit memoranda of law. Based on these memoranda and the record, the Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

## BACKGROUND

The facts giving rise to these matters are essentially undisputed. On November 12, 1999, the Judicial Lien Creditor secured a judgment of $115,100.36 against the Debtors. The Worcester Superior Court then issued an execution which was properly recorded. On January 21, 2000, the Worcester County Deputy Sheriff levied the execution on Debtor Sayada Haque's interest in the Debtors' residential property (the

1

"Property"). On June 29, 2000 the Debtors filed a voluntary Chapter 7 petition with this Court. As of the date of their Chapter 7 filing, the Debtors had not filed a declaration of homestead on the Property.

On November 7, 2000, with the lien unsatisfied, the Debtors filed a motion to dismiss their Chapter 7 petition. The Court denied the motion on December 21, 2000. At no point during the Chapter 7 proceeding did the Debtors attempt to avoid the judicial lien and an Order discharging the Debtors was entered on May 15, 2001.

On January 3, 2005, the Debtors filed the instant Chapter 13 petition. Prior to this filing, the Debtors filed a declaration of homestead pursuant to Mass. Gen. Laws ch. 188, § 1. Following the filing, the Debtors proposed a Chapter 13 Plan; 99.98% of the creditor claims dealt with under the Chapter 13 Plan constitute the claim secured by the judicial lien. The judicial lien creditor filed an Objection to Confirmation of the Debtor's Chapter 13 Plan on March 10, 2005. Thereafter, the Debtors filed the Motion to Avoid Judicial Lien.

## DISCUSSION

In order for a plan to be confirmable pursuant to Section 1325(a)(3), the Debtor bears the burden of proving that the plan was "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3); *In re Dicey*, 312 B.R. 456, 458 (Bankr. D. N.H. 2004); *In re Virden*, 279 B.R. 401, 407 (Bankr. D. Mass. 2002). A Chapter 13 case involving a single creditor in and of itself inevitably raises questions concerning the Debtors' good faith in filing the petition and plan. *In re Virden*, 279 B.R. at 407.

2

As the Bankruptcy Code does not define "good faith," numerous courts have struggled to come to terms with the meaning of the good faith standard and what it actually entails. Consequently, a hodgepodge of results has emerged. The Bankruptcy Appellate Panel for the First Circuit (the "B.A.P.") recognized this trend, stating that "the meaning of the term 'good faith' has gone far afield from that intended by the drafters of the Bankruptcy Code." *Keach v. Boyajian (In re Keach)*, 243 B.R. 851, 868 (1st Cir. B.A.P. 2000). In *Keach*, the B.A.P. advocated a plain meaning interpretation of good faith, interpreting the standard to mean "simple honesty of purpose" in advocating an analysis focusing on the post-petition conduct of the Debtor rather than on the good faith nature of the activity giving rise to the debt.

Since *Keach*, the § 1325(a)(3) good faith standard in the First Circuit has been expanded to include both pre-petition and post-petition conduct of the Debtor. *In re Dicey*, 312 B.R. at 458 ("The totality of the circumstances test provides the flexibility needed to make factual determinations."); In *re Scotten*, 281 B.R. 147, 149 (Bankr. D. Mass. 2002); *In re Virden*, 279 B.R 401, 409 (Bankr. D. Mass. 2002) ("[T]he Court cannot determine whether a debtor has filed his Chapter 13 petition and plan with simple honesty of purpose without engaging in a multi-faceted analysis in which the pre-petition conduct is one of many relevant factors."). "The "bottom line" in determining whether a plan was proposed in good faith is "whether the debtor is attempting to thwart his creditors, or is making an honest effort to repay them to the best of his ability. *In re Virden*, 279 B.R. at 409.

Shortly after the aforesaid decisions were rendered, the B.A.P. affirmed a bankruptcy court decision based on the totality of the circumstances test. *Cabral v.*

3

*Shamban (In re Cabral)*, 285 B.R. 563, 573-74 (1st Cir. B.A.P. 2002). This Court agrees that the most appropriate means by which to determine good faith is through an examination of the totality of the circumstances. Accordingly, the Court may examine the Debtors' prepetition and postpetition conduct and consider factors such as, *inter alia*, the Debtors' history of filings, whether the Debtors only intended to defeat state court litigation, whether the Debtors' sole motivation was to avoid payment of a single debt and whether egregious behavior was present. *In re Fleury*, 294 B.R. 1, 6 (Bankr. D.Mass. 2003); *In re Virden*, 279 B.R. at 407. Additionally, according to 11 U.S.C. § 1325(b), "the court may not approve a plan unless…the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C. § 1325(b)(1)(B).

Closely related to the issue of whether a debtor has filed his plan in good faith is the question of whether a debtor filed his Chapter 13 petition in bad faith. In fact the distinction between 11 U.S.C. § 1307(c) and 11 U.S.C. § 1325(a)(3) is that under the former the objecting creditor bears the burden of proof whereas under the latter the debtor bears the burden. *In re Dicey*, 312 B.R. 456 (Bankr. D.N.H. 2004). Numerous tribunals have dismissed Chapter 13 cases pursuant to 11 U.S.C. § 1307(c) as bad faith filings when the Debtor's motivation in filing his Chapter 13 petition was to avoid payment of a singular debt. *In re Virden*, 279 B.R. at 410; *In re Mattson* 241 B.R. 629, 634 (Bankr. D.Minn. 1999); *In re Tornheim*, 239 B.R. 677, 686-87 (E.D.N.Y. 1999); *In re Ramji*, 166 B.R. 288, 290 (Bankr. S.D.Tex. 1993).

4

In this case the Judicial Lien Creditor argues that the Debtors did not act in good faith in proposing their Plan and thus asserts their Plan is not confirmable pursuant to 11 U.S.C. § 1325(a)(3). The Judicial Lien Creditor has not, either in open court or in any of his written submissions, suggested that the Chapter 13 petition itself was filed in bad faith, an allegation which, if proven, would lead to dismissal of the Debtors' Chapter 13 case. As such, at this time the Court must limit its determination to whether the Debtors met their burden of proving that their proposal of a single creditor Chapter 13 Plan was made in good faith. Nevertheless, the Court has the power to, and will, issue an order to show cause why the case should not be dismissed for lack of a good faith filing. 11 U.S.C. § 105(a); *In re Fleury*, 294 B.R. at 5.

The Debtors filed their Chapter 7 petition on June 29, 2000 and shortly thereafter sought to voluntarily dismiss it to seek "relief in the state court and defend against or compromise [the judicial lien]." Debtor's Motion for Voluntary Dismissal [Docket # 20]. Following a hearing, this Court denied the Debtors' Motion to Dismiss, finding that "dismissal [was not] in the best interests of the creditors in this case," *Memorandum of Decision* [Docket # 25], and subsequently entered a discharge. The Debtors then filed a Chapter 13 petition and proceeded to propose a plan, 99.98% of which consisted of the Judicial Lien Creditor's claim.

The Court finds that this is simply a two-party dispute and that the Debtors' sole motivation in filing their Chapter 13 plan was to defeat the state court litigation and avoid payment of this single debt. This lien passed through the Debtors' prior Chapter 7 and there exists no evidence that the Debtors have made an honest effort to repay this debt to the best of their ability. Moreover, the Debtors have not committed all of their disposable

income to make payments under the plan. Accordingly, the Court finds that the Debtors have not met their burden, rendering their proposed Chapter 13 Plan not confirmable.

**CONCLUSION**

Based on the foregoing, Judicial Lien Creditor Ryan Moore's Objection to Confirmation of the Debtor's proposed Chapter 13 Plan is SUSTAINED. As the plan is not confirmable, and the Court will schedule a hearing as to why this case should not be dismissed, the Court defers deciding at this time whether the judicial lien is avoidable pursuant to 11 U.S.C. § 522(f)(1).

Separate Orders will issue.

Dated: July 1, 2005

By the Court,

*[signature]*
Joel B. Rosenthal
United States Bankruptcy Judge