# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: )<br>EJAZUL HAQUE and SAYADA HAQUE,)<br>)<br>Debtors )<br>) | Chapter 13<br>Case # 05-40089-JBR |

## MEMORANDUM OF DECISION

Before the Court is the Court's Order to Show Cause why the above captioned Chapter 13 case should not be dismissed for lack of a good faith filing [Docket # 48]. The Court held an evidentiary hearing and took the matter under advisement.

## BACKGROUND

The facts giving rise to this matter are essentially undisputed. On November 12, 1999, Judicial Lien Creditor Ryan Moore ("Moore") secured a judgment of $115,100.36 against Debtors Ejazul and Sayada Haque (the "Debtors"). The Worcester Superior Court then issued an execution which was properly recorded. On January 21, 2000, the Worcester County Deputy Sheriff levied the execution on Debtor Sayada Haque's interest in the Debtor's residential property (the "Property"). On June 29, 2000 the Debtors filed a voluntary Chapter 7 petition with this Court. As of the date of their Chapter 7 filing, the Debtors had not filed a declaration of homestead on the Property.

On November 7, 2000, with the lien unsatisfied, the Debtors filed a motion to dismiss their Chapter 7 petition. The Court denied the motion on December 21, 2000.

-1-

At no point during the Chapter 7 proceeding did the Debtors attempt to avoid the judicial lien and an Order discharging the Debtors was entered on May 15, 2001.

On January 3, 2005, the Debtors filed the instant Chapter 13 petition. Prior to this filing, the Debtors filed a declaration of homestead pursuant to Mass. Gen. Laws ch. 188, § 1. Following the filing, the Debtors proposed a Chapter 13 Plan; 99.98% of the creditor claims dealt with under the Chapter 13 Plan constituted Moore's claim. Moore filed an Objection to Confirmation of the Debtor's Chapter 13 Plan on March 10, 2005. Thereafter, the Debtors filed the Motion to Avoid Judicial Lien [Docket # 35].

On July 1, 2005, this Court entered an order sustaining Moore's Objection to Confirmation of the Debtors' proposed Chapter 13 Plan and further ordered the Debtors to show cause why the case should not be dismissed for having filed their Chapter 13 petition in bad faith. On August 24, 2005, the Court held an evidentiary hearing on to determine whether the case should be dismissed for a bad faith filing.

## DISCUSSION

A bankruptcy court may consider various factors in deciding whether to dismiss a Chapter 13 case for having been filed in bad faith, including (1) the debtor's accuracy in stating debts and expenses; (2) the debtor's honesty during the bankruptcy process; (3) whether the Bankruptcy Code is being unfairly manipulated; (4) the type of debt sought to be discharged; (5) whether the debt would be dischargeable in a Chapter 7; and (6) the debtor's motivation and sincerity in seeking Chapter 13 relief. *In re Sullivan*, 326 B.R. 204, 212 (1st Cir. B.A.P. 2005); *In re Dicey*, 312 B.R. 456, 459 (Bankr. D.N.H. 2004); *In re Virden*, 279 B.R. 401, 408 (Bankr. D. Mass. 2002); *In re Cabral*, 285 B.R. 563, 573 (1st Cir. B.A.P. 2002).

-2-

At the August 24, 2005 evidentiary hearing, Debtor Ejazul Haque testified that he was diagnosed with rectal cancer in 1997. He underwent chemotherapy and appears to have made a full recovery. Nevertheless he still suffers from pain. The Debtors argue that this legitimate physical malady caused them to incur substantial lingering treatment costs, which motivated them to sincerely, honestly and in good faith seek Chapter 13 relief. The Debtors also argue that because the lien could have been avoided in the Chapter 7 case had the homestead exemption been timely filed, the lien may be avoided in Chapter 13.[1] Finally, the Debtors argue that there is no per se prohibition against filing a Chapter 13 case following receipt of a discharge in Chapter 7. As such, the Debtors maintain that there is no basis for a finding of bad faith on the facts presented here.

In response, Moore argues that the Debtors should not be permitted to use Chapter 13 to thwart a valid lien which passed through the Debtors' Chapter 7 case unfettered. He further asserts that the instant Chapter 13 petition is an insular attempt to avoid payment of one creditor's claim and that the Bankruptcy Code should not be manipulated in such a manner to permit such an improper objective.

Based on the testimony presented and the evidence on the record, the Court finds that the standard indicia of a bad faith filing are not present in this matter. The Court is not convinced that the Debtors were dishonest or insincere in the filing of the petition. Additionally, the lien could have been discharged in the Debtors' Chapter 7 case but was not due to inadvertence. As there is insufficient evidence on the record to

---

[1] The debt in question was discharged on May 15, 2001 in the Debtors' Chapter 7 case, leaving only a bare lien in the subsequent Chapter 13 case.

-3-

support a finding that the Debtors filed their Chapter 13 petition in bad faith, the Court declines to dismiss of the case on that basis.

## CONCLUSION

Based on the foregoing, the Court's Order to Show Cause is accordingly released.

Dated: August 25, 2005                    By the Court,

                                          *[signature]*
                                          Joel B. Rosenthal
                                          United States Bankruptcy Judge

-4-