**UNITED STATES BANKRUPTCY COURT**
**District of Massachusetts**
Harold Donohue Federal Building & Courthouse
595 Main Street
Worcester, MA 01608

| Complete Name of Case | In re: EJAZUL HAQUE & SAYADA HAQUE |
|---|---|
| Docket No. Case No. | 05-40089 |
| Court | United States Bankruptcy Court for the District of Massachusetts |
| Date Decision Rendered | October 18, 2005 |
| JUDGE | Joel B. Rosenthal |

| ATTORNEYS: | REPRESENTING: | ADDRESS: |
|---|---|---|
| Lawrence R. Ehrhard | Ejazul Haque<br>Sayada Haque<br>Debtors | Longmeadow, MA 01106 |
| AnDre' D. Summers | Ryan Moore<br>Creditor | Franklin, MA 02038 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | |
| EJAZUL HAQUE & SAYADA HAQUE ) | CASE NO. 05-40089-JBR |
| ) | |
| DEBTORS ) | |

MEMORANDUM OF DECISION ON MOTION TO AVOID JUDICIAL LIEN AND
OBJECTION TO CONFIRMATION

This matter came before the Court on the Debtors' Motion to Avoid Judicial Lien [Docket #35][1] and the Objection to Confirmation of the Amended Plan [Docket #58]. In the current objection the lien creditor again seeks to have the Court dismiss the Debtors' Chapter 13 case for lack of good faith because, at its essence, this case is primary a two-party dispute that centers on the Debtors' ability to avoid the creditor's judicial lien.

I. BACKGROUND

The facts are not in dispute and are set forth in greater detail in the Court's earlier decisions. see Memorandum of Decision Concerning Debtors' Motion to Avoid Lien with Creditor, and Creditor's Objection to Confirmation of the Plan [Docket #48]. The salient points, however, may be summarized as follows. Prior to June 2000 when the Debtors filed a Chapter 7 petition, the creditor obtained a judgment against the

---

[1] The Court previously deferred ruling on the Motion to Avoid Judicial Lien pending a hearing to show cause why the case should not be dismissed as a bad faith filing and because the original plan was not confirmable as the Debtors were not committing all of their disposable income to plan payments. [Docket #47 and #48]. The Debtors filed an amended plan [Docket #53] and the Court determined that the case was not filed in bad faith. [Docket #69 and #70].

1

Debtors and properly recorded and levied on his execution on Sayada Haque's interest in the Debtors' primary residence. At the time of the filing of the Chapter 7, the Debtors did not have a recorded homestead on the property and the creditor's lien against the wife's interest in the residence (although not his claim against the Debtors personally) survived the Debtors' discharge.[2]

In 2005 the Debtors filed their Chapter 13 petition but this time they recorded a homestead on their residence prior to the bankruptcy. They now seek to avoid the creditor's judicial lien pursuant to 11 U.S.C. § 522(f) and, although the creditor challenges their right to invoke section 522(f), there is no dispute that application of that section would lead to avoidance of the judicial lien.

## II. DISCUSSION

The instant case presents the issue of whether the Debtors in a Chapter 13 may avoid a judicial lien not avoided in the prior Chapter 7 case. Additionally, at issue is what type of claim, if any, does the judicial lienholder take if the lien is avoided in a subsequent bankruptcy. Finally, this Court will decide whether the amended Plan is confirmable in light of the proposed treatment of the creditor's claim.

### A. Motion to Avoid Judicial Lien

The creditor argues that the Debtors cannot avoid his judicial lien now because they failed to do so in their earlier bankruptcy. There is nothing in the language of the Bankruptcy Code, however, to suggest that a judicial lien that is not avoided in an earlier Chapter 7 case may not be avoided in a subsequent Chapter 13 if the

---

[2] As the Supreme Court noted in *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2155, 115 L.Ed.2d 66 (1991), "a bankruptcy discharge extinguishes only one mode of enforcing a claim–namely, an action against the debtor *in personam*-while leaving intact another-namely, an action against the debtor *in rem*."

2

requirements of section 522(f) are met. A debtor may file a Chapter 13 petition following discharge in a Chapter 7, the so-called "Chapter 20." *In re Hodurski*, 156 B.R. 353 (Bankr. D. Mass. 1993). To treat a Chapter 13 case as somehow creating fewer rights when it follows a Chapter 7 case creates two classes of Chapter 13 cases- a result not supported by the language of the Bankruptcy Code. The one reported decision addressing the issue of whether a Chapter 13 debtor may avoid a judicial lien not avoided in an earlier Chapter 7 case also concluded such liens can be avoided in the Chapter 13 case. *In re Bursee,* 142 B.R. 167, 168 (Bankr. N.D. Ohio 1992). Consequently the creditor's judicial lien can and will be avoided.

### B. Effect of Chapter 7 Discharge on Secured Creditor's Lien

Once the judicial lien is avoided, however, the question remains what claim, if any, does the creditor hold. In their amended plan [#53] the Debtors assert inconsistent positions. First in section IV of the amended plan, they seek to treat the claim following lien avoidance as an unsecured claim and pay the creditor 13.4% of the claim-the same dividend that the one other unsecured creditor will receive. Later in the amended plan, however, they state that if the lien were to be avoided in its entirety, the plan would then become a 100% plan with each unsecured creditor being paid in full, apparently equating avoiding the lien in its entirety with disallowance of any claim of the creditor.[2]

---

[2] The amended plan reads in relevant part "[t]he execution/judgment lien of Ryan Moore in the amount of $115,000 on the debtors (sic) property located at 36 Candice St. in Clinton, MA will be avoid (sic) pursuant to 11USC §522(f)(1) (sic) and the remaining unsecured debt will be paid through the Chapter 13 plan in Section IV. If the Moore debt is avoided in its entirety, all remaining creditors will be paid 100%."
The creditor's claim represents a significant majority (99.98%) of the unsecured debt in the Debtors' Chapter 13 plan. In fact, the Debtors list the unsecured claim of the creditor as $115,000.00 (if lien avoidance/cramdown are successful), while the rest of the unsecured debt is a paltry $1,509.00. At the 13.4% dividend the plan payments would total $15,612.00 over the 36 month plan.

3

The lien of a secured creditor survives a Chapter 7 discharge even though the discharge extinguishes a debtor's personal liability for the debt. *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2155, 115 L.Ed.2d 66 (1991); *see also Matter of Penrod*, 50 F.3d 459, 461-464 (7th Cir. 1995); *In re Thomas*, 883 F.2d 991, 998 (11th Cir. 1989), *cert denied*, 497 U.S. 1007, 110 S.Ct. 3245 (1990); *Matter of Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984); *In re Bisch*, 159 B.R. 546, 549 (9th Cir. BAP 1993); *In re Gounder*, 266 B.R. 879, 880 (E.D. Cal. 2001); and *In re Akram*, 259 B.R. 371, 375 (C.D. Cali. 2001). While the Debtors' *in personam* liability was discharged in the Chapter 7 case, the creditor still holds a claim pursuant to 11 U.S.C. § 101(5) in a later Chapter 13 case. *Johnson*, 501 U.S. at 84, *Gounder*, 266 B.R. at 881 (Not withstanding the prior discharge, the creditor retained his right to "satisfy its claim against some of the debtor's property."). Thus, the creditor in the instant case held a secured claim against the Debtors' property when the Chapter 13 case was filed, and could have foreclosed upon his lien prior to the filing of the Debtors' Chapter 13 petition. As the *Gounder* court noted, the property from which the creditor could satisfy its claim becomes property of the estate pursuant to 11 U.S.C. § 541(a) upon the filing of the Chapter 13 petition. *Gounder*, 266 B.R. at 881.

*Gounder* is instructive in this Court's finding that the creditor's claim becomes unsecured when section 522(f) permits his lien to be avoided, The debtor in *Gounder* filed his Chapter 13 plan post Chapter 7 discharge as did the Debtor in the instant case. The debtor in *Gounder* sought a determination pursuant to 11 U.S.C. § 506(a) that the

4

collateral for the creditor's claim was of no value. The court agreed. *Gounder*, 266 B.R. at 880. The court reasoned that if the creditor's security interest had no value, then section 506(a) converted that claim into a recourse claim against the estate. *Gounder*, 266 B.R. at 881; *see also In re Triple Holdings, L.P.*, 134 B.R. 382, 387 (Bankr. N.D. Cal. 1991), *rev'd on other grounds*, 145 B.R. 57 (N.D. Cal. 1992) ("In the case of a nonrecourse creditor, the Code creates an unsecured deficiency claim against the estate.") The Debtor cannot object to the unsecured claim of a nonrecourse creditor because that is the "price of separating the claim from its security" pursuant to section 506(a). *Gounder*, 266 B.R. at 881.

This analysis holds true for the instant case. As the creditor cannot foreclose upon its lien because of Debtors' Chapter 13 petition, it is essentially left with a nonrecourse debt. Because the Code provides that such a debt is entitled to an unsecured claim against the bankruptcy estate, so too is the creditor in this action entitled to an unsecured claim against the Debtors' estate.

## C. Amount of the Creditor's Claim

On November 12, 1999, the creditor secured a money judgment against the Debtors in the amount of $115,100.36 in the Worcester Superior Court. On January 21, 2000, the sheriff levied upon the wife's interest in the property. The seizure of property is recorded with the Worcester County Registry of Deeds at book 22225, page 69. Thus, as of the judicial lien's levy date, the creditor had a lien against the Debtors' property in at least the amount of $115,100.36.[4]

---

[4] The plan lists the amount of the judicial lien as $115,000.00. The creditor disagrees with the value of his claim. This Court notes the discrepancy, but will not determine the value of the claim because that issue is not currently before the Court.

In its Objection to Confirmation the creditor argues that its lien is worth more than the amount set forth in the plan. He claims that the lien is subject to statutory interest in the amount of 12% per anum. The creditor calculated the amount of the judicial lien secured by the property of the Debtors as $184,766.00 as of January 3, 2005 (the date of the filing of the Chapter 13 petition). Therefore, he alleges that because the Plan does not seek to treat the claim as it currently exists, the Plan should not be confirmed. This Court declines to make a finding with respect to the actual amount of the creditor's judicial lien claim; the Court finds, however, that the value of the claim is significantly higher than the amount of the creditor's claim as listed on the Plan.

### III. Confirmation of Plan

The judgment lien of the creditor will be avoided, but because the creditor will be left with an unsecured claim against the estate, this Court finds that the Plan is not confirmable as it either seeks to ignore the creditor's claim entirely or to pay it a dividend based on less than the full amount of the claim. As this Court has already found that the creditor's claim is greater than the amount listed on the Debtors' amended Plan and because the Debtors seek to avoid paying the creditor what he is due under section 1325(a)(4) and section 1325(b), this Court finds that the Plan is not confirmable, and therefore confirmation of the Plan will be **DENIED**.

This Court notes that the creditor's lien will be reinstated if the instant case is eventually dismissed because the Debtors are unable to achieve plan confirmation. The parties will revert back to the position they occupied at the date of the judicial lien. "Liens ride through bankruptcy." *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773 (1992); *Johnson*, supra. Liens do not survive bankruptcy where the debt is provided for in the

plan and paid in full. *In re Echevarria,* 212 B.R. 26, 28 (Bankr. D.P.R. 1997), but where the debt is not paid in full, a secured creditor's lien is not extinguished. *In re Stovall,* 256 B.R. 490, 493-94 (Bankr. N.D. Ill. 1999). As the creditor's claim would not be paid in full upon dismissal, the creditor's lien would pass through bankruptcy, and the Debtor's discharge would not extinguish the creditor's claim. *In re Allen,* 122 F. App'x. 96, 97 (5th Cir. 2004).

## CONCLUSION

For the foregoing reasons the Motion to Avoid Judicial Lien will be **ALLOWED** and the Objection to Confirmation will be **SUSTAINED**. Debtors shall have 30 days to file a confirmable plan.

Separate orders will issue.

Dated: October 18, 2005

Joel B. Rosenthal
United States Bankruptcy Judge